UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER TOOPS, et al.,

      Plaintiffs,                        Case No. 2:14-cv-2086
                                          JUDGE GREGORY L. FROST
      v.                                Magistrate Judge Elizabeth P. Deavers

CITIZENS BANK OF LOGAN, OHIO, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss (ECF No. 11) filed by Defendant Mudsock Investments, LLC ("Mudsock"), a memorandum in opposition (ECF No. 19) filed by Plaintiffs Christopher and Dorothy Toops ("the Toops"), and a reply memorandum (ECF No. 23) filed by Mudsock; and

(2) a motion for judgment on the pleadings (ECF No. 15) filed by Defendant Kernen & Shepler, LLC ("K&S"), a memorandum in opposition (ECF No. 21) filed by the Toops, and a reply memorandum (ECF No. 24) filed by K&S.

For the reasons that follow, the Court **GRANTS** the motions in regard to the federal count and declines to exercise supplemental jurisdiction over the state law count.

### I. Background

On October 23, 2013, Citizens Bank of Logan, Ohio filed a foreclosure action in an Ohio state court against Christopher and Dorothy Toops. K&S represented the bank in this state court action. The Toops allege that the bank failed to comply with various legal obligations in the foreclosure process, including not being the legal owner of the note and the mortgage at the time

1

the bank filed the foreclosure action. In May 2014, the bank then executed an assignment of the mortgage to Mudsock; K&S counsel prepared the assignment. Mudsock was substituted for Citizens Bank in the foreclosure action, and K&S served as counsel for the new plaintiff.

On October 24, 2014, the Toops filed this federal action. In a two-count complaint, they assert a federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and a state law claim for invasion of privacy. Mudsock has filed a motion to dismiss (ECF No. 11), and K&S has filed a motion for judgment on the pleadings (ECF No. 15). The parties have completed briefing on the motions, which are ripe for disposition.

## II. Discussion

### A. Standards Involved

Mudsock seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Toops have failed to assert claims upon which this Court can grant relief, while K&S seeks judgment on the pleading pursuant to Federal Rule of Civil Procedure 12(b)(c). Both motions involve the same analytic standard. *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 461 (6th Cir. 2014). Accordingly, in addressing the motions, this Court must construe the complaint in the Toops' favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The United States Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

#### 1. Federal Claim

In Count One of the complaint, the Toops assert a FDCPA claim. A party must assert such a claim "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Mudsock and K&S both argue that the statute of limitation on this claim has therefore expired because the underlying foreclosure complaint was filed in state court on October 23, 2013, and the Toops did not file the instant action until October 24, 2014. The Toops disagree that the statute of limitations bars their claim. They assert that it is not the date of the filing of the foreclosure complaint that matters for limitations purposes, but the date of service of the state court complaint.

The extant issue is thus whether the FDCPA statute of limitations begins to run with the filing of an underlying complaint or the service of that complaint. Courts nationwide are split on the issue, and the parties have devoted much of their briefing to directing this Court to cases

favoring their positions and discussing the policy points behind each possible triggering event. Despite the unsettled state of the law nationwide, however, this Court concludes that the Sixth Circuit effectively resolved the issue in *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455 (6th Cir. 2013).

In *Tyler*, the court of appeals addressed whether a debt collection action filed before a subsequent bankruptcy action meant that a FDCPA claim constituted a pre-petition claim so that it was property of the bankruptcy estate. The Sixth Circuit framed the case as presenting "[t]he difficult issue [of] whether the [FDCPA] violation occurs at the filing of the complaint, or only once the debtor is served with the complaint." *Id.* at 463. Although acknowledging that accrual for purposes of determining the bankruptcy estate is different from accrual for statute-of-limitations purposes, the court of appeals nonetheless deemed some of the reasoning in limitations cases "helpful" and proceeded to analyze *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), a leading case that stands for the proposition that the limitations period runs from the date of service. *Tyler*, 736 F.3d at 463. Notably, the Sixth Circuit expressly rejected the rationale of *Johnson* and held "that a [FDCPA] violation may occur at filing." *Id.*

The Toops attempt to distinguish *Tyler* on the grounds that it ultimately decided a bankruptcy issue that does not necessarily inform the limitations issue *sub judice*. But although *Tyler* was indeed a bankruptcy case, the analysis in that case nevertheless led to a clear holding that directs today's disposition. The Sixth Circuit stated in *Tyler* that "[w]e simply hold that an FDCPA claim viable at service of process will be viable at filing." *Id.* at 464 n.5. This is enough. Accordingly, the Court agrees with another judicial officer who, in addressing the same FDCPA limitations issue, explained as follows:

4

> [W]hile the bankruptcy framework in which the *Tyler* decision arose presents an arguable basis to conclude that it is not binding authority on these facts, the undersigned is simply not at liberty to ignore it. The Sixth Circuit clearly stated its opinion was contrary to the reasoning of *Johnson* and that the FDCPA statute of limitations begins to run at the time of filing, rather than service. 736 F.3d at 463. Applying that rule to these facts, the plaintiff's claims are barred by the one year statute of limitations in 15 U.S.C. § 1692k(d).

*Crumel v. TCCA, Inc.*, No. 3:14-CV-350, 2014 WL 6844643, at *4-5 (E.D. Tenn. Dec. 3, 2014). This correct recognition of the *Tyler* rationale means that the Toops failed to assert their FDCPA claim within the applicable statute of limitations.

Three final points are warranted. First, this Court is cognizant that a different Sixth Circuit panel than the *Tyler* panel subsequently stated that "[c]ourts are divided on whether the relevant date for purposes of the accrual of an FDCPA claim is the date on which the suit is filed or the date on which the defendant is served" and that because the foreclosure action involved in that subsequent case was filed and served more than one year before the plaintiff filed suit, "we need not resolve that dilemma." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 258 n.5 (6th Cir. 2014). This comment does not undercut today's reading of *Tyler*. *Slorp* did not mention *Tyler*, and because the limitations issue was not at issue in *Slorp*, the failure to recognize the *Tyler* rationale cannot sensibly by read as a limitation on *Tyler* or a comment on its rationale. In fact, *Slorp* stated:

> The institution and maintenance of the debt-collection suit in this case is much more akin to a discrete act of discrimination than a hostile work environment. As a general matter, when a debt collector initiates a deceptive, abusive, or otherwise unfair lawsuit, there is no doubt that the FDCPA claim—insofar as it is viable—accrues on that date. Although the subsequent prosecution of that suit may exacerbate the damages, the continued accrual of damages does not diminish the fact that the initiation of the suit was a discrete, immediately actionable event.
>
> To be sure, an individual will not always recognize that the debt-collection suit is deceptive or unfair on the date it is filed. Here, for example, Slorp may have

5

>    learned that the assignment was fraudulent—and that the foreclosure action was illegitimate—after the limitations period expired. But tolling doctrines such as fraudulent concealment and the discovery rule exist to address such situations. The continuing-violation doctrine is concerned with whether the initial act gives rise to an actionable claim rather than whether the tortfeasor concealed that claim.
>
>    Accordingly, the district court correctly held that the continuing-violation doctrine cannot rescue Slorp's FDCPA claim from the limitations clock.

*Slorp*, 587 F. App'x at 258-59 (citation and footnote omitted). Such language suggests the date of filing as the date the limitations period begins, with tolling the means by which a FDCPA plaintiff can address an unjust application of the statute of limitations.

Second, interest in clarity and consistency perhaps warrant mentioning this Court's Opinion and Order in *Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-cv-952, 2012 WL 5077712 (S.D. Ohio Oct. 18, 2012). In that case, this Court stated that "[t]he Perkins do not dispute Lerner Sampson's argument that FDCPA claims are subject to a one-year statute of limitations and that, if a foreclosure is filed *and* served more than a year before an FDCPA lawsuit, then claims based upon events that transpired in the foreclosure process are time-barred." *Id.* at *17 (emphasis added). That statement, which joins filing and service for limitations purposes, is not inconsistent with today's rationale. First, this Court was simply summarizing a defendant's limitations argument and not adopting its nuances. Second, the filing-versus-service debate was inconsequential in *Perkins* because the limitations period had expired under either standard and the issue before the Court was therefore tolling.

Third, although the Toops argue that their claim against Mudsock is not barred because Mudsock did not file the underlying foreclosure complaint and entered the state litigation only later, Mudsock stepped into the original plaintiff's shoes. The state court litigation is of one piece; there is no event subsequent to the filing of the action providing the basis for a new claim

6

with a new statute of limitations.  *See Slorp*, 587 F. App'x at 258-59.

Mudsock and K&S therefore prevail on their motions in regard to Count One.

### 2. State Law Claim

The Toops also a state law claim for invasion of privacy.  In light of the failure of the Count One federal claim, this Court presumptively should not address the Count Two state law claim.  *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996))).  The Toops have failed to assert any justification or alternative basis for exercising jurisdiction over the remaining state law claim should their federal claim fail.  Thus, while expressing no opinion on the merits of the state law claim, the Court dismisses Count Two without prejudice.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) ("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment").

### III.  Conclusion

The Court **GRANTS** Mudsock's motion to dismiss (ECF No. 11) and K&S' motion for judgment on the pleadings (ECF No. 15) in regard to the Count One FDCPA claim.  This Court also declines to exercise supplemental jurisdiction over the Count Two invasion of privacy claim, which the Court **DISMISSES WITHOUT PREJUDICE**.  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE